Benjamin F. Nolan, J.
Defendant moves by order to show cause, dated, March 23, 1977, to reargue this court’s denial of an earlier motion to vacate a compulsory arbitration award against it and to have the action restored to the compulsory arbitration calendar. The award is dated, October 29, 1976. Copies thereof were served upon attorneys for both parties on November 2, 1976. The award was filed on November 5, 1976. The order to show cause contains a stay of any proceedings to enforce a judgment based upon the award. The underlying motion was returnable on April 13, 1977, and was submitted on that date.
The earlier motion for the same relief, brought on by order to show cause, dated November 15, 1976, was denied by an order of this court, dated January 5, 1977, on the grounds that the moving papers failed to show "good cause” justifying the restoration of the case to the arbitration calendar.
A compulsory arbitration panel of three members commenced a hearing of this action on October 12, 1976, at which time plaintiff’s witness testified and was cross-examined by counsel for defendant. The hearing was thereafter adjourned to October 29, 1976, to suit the convenience of counsel for defendant. This adjournment was marked final by the panel. Several days in advance of the October 29, 1976, adjourned date, counsel for defendant phoned the chairman of the arbitration panel and requested a further adjournment but was informed by the chairman that such an adjournment would not be granted because the panel had agreed unanimously that the action was to be concluded on October 29, 1976, the final adjourned date. Thereafter, counsel for defendant directed the president of the defendant corporation to go to the *489 hearing on October 29, 1976 and request an adjournment on the grounds that defendant’s counsel was actually engaged in court. The president of the defendant corporation went to the hearing and requested the adjournment, as directed by his counsel, but the arbitration panel refused to adjourn the continued hearing. When 45 minutes had elapsed without the appearance of counsel for defendant, the chairman of the panel directed the president of the defendant corporation to proceed without his attorney, which he refused to do. The panel then went on to conclude the hearing and rendered an award for plaintiff against defendant. There is no indication that counsel for defendant submitted an affidavit of actual engagement to the panel despite the fact that there was clearly more than sufficient time to do so.
Following the hearing, defendant had a right to avail itself of one of the forms of relief against the award provided in the Rules Governing Compulsory Arbitration promulgated by the Administrative Board of the Judicial Conference. (22 NYCRR Part 28.) Within 20 days after the award was filed with the clerk of the county, defendant had a right, pursuant to 22 NYCRR 28.12, to file with the court clerk a demand for a trial de novo, concurrently reimbursing the court clerk the fees paid the arbitrators. Or, within 20 days after the award was served upon it, defendant had a right to move, pursuant to 22 NYCRR 28.13, to vacate the award and have the case submitted to a new arbitration panel. This very specific motion, however, may be made "on only the following grounds:
(1) that the arbitrators abused their office in the conduct of the case; or
"(2) that the award was procured by fraud, corruption or other unlawful means.” [Emphasis added.] And, if defendant sought to treat what happened as a default, it could have moved, pursuant to 22 NYCRR 28.7, for an order restoring the case to the arbitration calendar "upon good cause shown,” which order would have to provide that defendant reimburse the court clerk fees paid the arbitrators.
Instead, however, defendant moved pursuant to CPLR 5015 (subd [a]), which is not applicable to a compulsory arbitration hearing. Nevertheless, this court grants defendant’s motion for reargument, and upon reargument will, in the interests of justice, consider defendant’s motion as one brought pursuant to 22 NYCRR 28.13, or, addressed to the general power of the court, pursuant to 22 NYCRR 28.14. This court does not *490 regard what happened on the two hearing occasions as a default within the meaning of 22 NYCRR 28.7, particularly because of the extent to which defendant, through its counsel, participated in the portion of the hearing which received plaintiffs prima facie case in evidence. On the adjourned date, there was no failure of a party to appear but of a party to proceed.
Upon reargument, this court finds that the moving papers fail to sustain any allegation of abuse of their office by the arbitrators, or, that the award was tainted by fraud, corruption or other unlawfulness. The earlier motion was denied because the moving papers failed to show "good cause” justifying restoration to the compulsory arbitration calendar. Defendant’s current motion seeks to cure such failure by submitting affidavits of merit. However, the merit of the claim has nothing to do with the showing required by the rules to sustain a motion pursuant to 22 NYCRR 28.13. On the other hand, it is obvious that defendant did not have its full day in court, in the sense that its full defense was not presented at the hearing, regardless of the fact that this occurred because of the failure or inability of the defendant’s counsel to appear on the adjourned hearing date. It is also obvious that defendant did move promptly for relief against the award, albeit in a form and on a theory not applicable to compulsory arbitration. The right to demand a trial de novo under the rules does not require a showing that there was anything wrong with the manner in which the hearing was conducted or that the award was in any way defective. All that is required is that such a demand be timely filed with the clerk and that defendant concurrently reimburse the clerk the fees paid the arbitrators. Within the scope of such relief as to this court appears just and proper, and, pursuant to the general powers of this court under 22 NYCRR 28.14, defendant shall have the right to file a demand for a trial de novo and concurrently reimburse the clerk the fees paid the arbitrators, provided compliance with 22 NYCRR 28.12 is accomplished within 20 days after the service of a copy of this decision and order by counsel for plaintiff upon counsel for defendant by ordinary mail. This motion is in all other respects denied. The stay of the order to show cause shall, however, continue for 20 days after service of this decision and order, as aforesaid, after which it shall abate without further order of this court. Should defendant not avail itself of the right to demand a trial de novo, then the arbitration award shall become final.
*491 Additionally, there is a procedural defect which this court calls to the attention of the parties and the clerk which taints a judgment already entered herein based upon the award. That judgment, dated March 21, 1977, was presented to the clerk for entry before the service on March 25, 1977 of the order to show cause containing a stay of any and all proceedings pending determination of this motion. The judgment was, nevertheless, entered, thereafter, on March 31, 1977, in violation of the said stay. As a result, the said entry is hereby vacated. Should the award eventually remain in effect, a judgment based thereon will have to again be presented to the clerk for entry before it can be enforced.
Finally, this motion illustrates how important it is for practitioners to be familiar with the rules for compulsory arbitration and the circumstances under which they apply and the counties in which compulsory arbitration is mandated by statute. The compulsory arbitration statute was enacted in 1970 (Judiciary Law, § 213, subd 8). It authorized the Administrative Board of the Judicial Conference to promulgate rules for compulsory arbitration of claims for the recovery of a sum of money not exceeding $4,000, exclusive of interest. Such rules have been adopted and amended from time to time. (22 NYCRR Part 28.) The compulsory arbitration program has been functioning on a pilot basis in Bronx County (since May 17, 1971), and, in several upstate counties. The program has not as yet been introduced into any other county within the City of New York or within the greater New York downstate area. However, the Governor has just signed into law a bill (L 1977, ch 165), effective September 1, 1977, enlarging the monetary jurisdiction of compulsory arbitration from $4,000 to $6,000. The program thus appears to be winning approval.